1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11  AMERICAN NATIONAL PROPERTY AND
    CASUALTY COMPANY, a Missouri
12  corporation
                                        NO. CIV. S-06-356 WBS PAN (JFM)
13            Plaintiff,

14      v.                              MEMORANDUM AND ORDER RE:
                                        MOTION TO DISMISS OR STAY
15
    DRAGONFLY VENTURES, INC., a
16  California corporation and
    doing business as RANCHO
17  ROTORS; CHESTER PETERSON,
    individually and doing
18  business as RANCHO ROTORS;
    ALLEN L. MASON; SARA CATTO,
19  individually and through her
    guardian ad litem, CRAIG
20  CATTO; KIMBERLY SANDERS,
    individually and as guardian
21  ad litem for ELISE SANDERS;
    FLYING VIKINGS INCORPORATED;
22  DENNIS SANDERS; BRIAN SANDERS;
    SANDERS AIRCRAFT TECHNOLOGIES,
23  INC.; SANDERS AIRCRAFT, INC.;
    and DOES 1 through 10,
24  inclusive;

25            Defendants.

26                           ----oo0oo----

27            Defendant Kimberly Sanders, joined by all co-

28  defendants, moves the court to dismiss or stay this action,

                                  1

because of a related personal injury action that is currently
pending in state court.

I.   Factual and Procedural Background

On August 3, 2005, an airplane accident occurred
involving Kimberly Sanders, the pilot of a Beechcraft A23
aircraft that she had rented from Rancho Rotors, Sara Catto, a
student pilot who was on board, and Elise Sanders, Kimberly
Sanders' five year old daughter.  (Compl. ¶¶ 19, 21.)  All three
people sustained personal injuries as a result of the crash.
(Id. ¶ 21.)  A civil action was filed in Sacramento Superior
Court in October 2005 on behalf of Sara Catto, by her guardian ad
litem, against Kimberly Sanders, Rancho Rotors, and other parties
who are defendants here.  (Id. ¶ 22.)

Plaintiff American National Property and Casualty
Company insured the aircraft and is a named defendant in the
state court action.  (Id. ¶ 18.)  Plaintiff also accepted the
tender of defense in the state court action for defendants
Chester Peterson, Dragonfly Ventures, Inc., and Rancho Rotors,
under a reservation of rights letter.  (Id. ¶ 27.)  Defendant's
policy excludes coverage for rental aircraft when a renting pilot
operates the aircraft or permits the aircraft to be operated for
any purpose and charges another for the use of the aircraft.
(Nunez Decl., Ex. 1 at 4 (Renter Pilot Liability Coverage
Extension).)[1]  On February 6, 2006, plaintiff filed this suit in
federal court, seeking a declaratory judgment that, based on

_____

[1]    It is unclear whether this provision prevents the use
of the aircraft for flight instruction; the policy specifically
contemplates that a student pilot may operate the aircraft with a
qualified flight instructor.  (Nunez Decl., Ex. 1 at 28.)

2

1  these exclusions, plaintiff has no duty to defend or indemnify

2  any person under its policy in connection with any claims related

3  to liability for the August 3rd accident.  (Id. ¶ 35.)  Plaintiff

4  additionally seeks declaratory relief that it will not be

5  responsible for attorneys' fees for defending Peterson,

6  Dragonfly, and Rancho Rotors for any claims related to liability

7  for the accident.  (Id.)  Defendants now ask the court to abstain

8  from issuing a declaratory judgment and to dismiss or stay this

9  action.

10  II.  Discussion

11         On a motion to dismiss, the court must accept the

12  allegations in the complaint as true and draw all reasonable

13  inferences in favor of the pleader.  Scheuer v. Rhodes, 416 U.S.

14  232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972).  In general,

15  the court may not consider material other than the facts alleged

16  in the complaint; however, reliance on matters of public record

17  is allowed.  Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.

18  1996) (noting that a district court cannot rely on "materials

19  outside the pleadings in support or opposition to [a] motion [to

20  dismiss]"); Mack v. S. Bay Beer Distribs., 798 F.2d 1279, 1282

21  (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav.

22  & Loan Ass'n v. Solimino, 501 U.S. 104 (1991) (recognizing that

23  matters of public record can be relied upon when deciding a Rule

24  12(b)(6) motion).  Therefore, because defendant Sara Catto's

25  state court complaint has been filed with the Superior Court in

26  and for the County of Sacramento, it is a matter of public

27  record, and the court can rely on it in deciding whether to

28  abstain from deciding this declaratory judgment action.  See Kent

3

1  v. Daimlerchrysler Corp., 200 F. Supp. 2d 1208, 1219 (N.D. Cal.

2  2002) ("[A] legal memorandum filed in a state court action . . .

3  is a public record.").

4         When a declaratory judgment is at issue, "the normal

5  principle that federal courts should adjudicate claims within

6  their jurisdiction yields to considerations of practicality and

7  wise judicial administration." Wilton v. Seven Falls Co., 515

8  U.S. 277, 288 (1995).  "[T]here is no presumption in favor of

9  abstention in declaratory actions generally, nor in insurance

10 coverage cases specifically." Gov't Employees Ins. Co. v. Dizol,

11 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).  Instead, because

12 the grant of a declaratory judgment is a discretionary act, a

13 court may decline to entertain such actions even when

14 jurisdiction over the subject matter of the claim is otherwise

15 proper.  28 U.S.C. § 2201(a); Dizol, 133 F.3d at 1223 ("[T]he

16 Declaratory Judgment Act is 'deliberately cast in terms of

17 permissive, rather than mandatory, authority.'" (quoting Pub.

18 Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952)

19 (Reed, J., concurring))).

20        Still, a court cannot yield jurisdiction on a "whim or

21 personal disinclination," but instead "must balance the concerns

22 of judicial administration, comity, and fairness to the

23 litigants." State Farm Fire & Cas. Co. v. McIntosh, 837 F. Supp.

24 315, 316 (N.D. Cal. 1993).  More specifically, a court should

25 consider the eight factors identified in Dizol that govern its

26 discretion to stay or dismiss an action.  133 F.3d at 1225.  The

27 relevant considerations are whether the federal declaratory

28 action will or will not: (1) result in a needless determination

4

1   of state law issues, (2) encourage forum shopping, (3) lead to

2   duplicative litigation, (4) settle all aspects of the

3   controversy, (5) clarify the legal relations at issue, (6) serve

4   only as a procedural fence, (7) result in entanglement between

5   the federal and state court systems, and (8) inconvenience the

6   parties or witnesses.  Dizol, 133 F.3d at 1225 & n.5 (describing

7   the relevant factors governing discretion as provided in

8   Brillhart v. Excess Insurance Company of America, 316 U.S. 491,

9   495 (1942), and other factors added by the Ninth Circuit to the

10  non-exhaustive Brillhart list).

11          Defendants contend that the court should abstain from

12  hearing this declaratory judgment action based primarily on

13  factors one and three of those listed above, namely, the needless

14  determination of state law issues and the avoidance of

15  duplicative litigation.[2]  These factors have considerable sway

16  when a declaratory judgment action would require the

17  determination of whether someone acted negligently or caused an

18  intentional tort; in other words, when such an action would

19  require the determination of facts essential to the determination

20  of liability in an ongoing state court proceeding.  See, e.g.,

21

22          [2]   Given the facts in this case, the analysis of factors
    one and three is closely related, with both factors addressing
23  whether litigation here will be duplicative of litigation in
    state court.  The first factor, avoiding needless determination
24  of state law issues, has been explained as follows:  "when
    'parallel state proceedings involving the same issues and parties
25  [are] pending at the time the federal declaratory action is
    filed, there is a presumption that the entire suit should be
26  heard in state court.'"  Dizol, 133 F.3d at 1225.  Similarly, if
    this court proceeds with the declaratory action, and the state
27  court does not stay the underlying action, it is conceivable that
    the result will be some degree of duplicative litigation (the
28  third factor).

1  Nationwide Ins. v. Zavalis, 52 F.3d 689, 694 (7th Cir. 1995)

2  ("When the underlying facts and the nature of the insured's

3  conduct are disputed, the court presiding over the declaratory

4  action typically cannot decide whether the insured acted

5  negligently or intentionally (and consequently whether he has

6  coverage or not) without resolving disputes that should be left

7  to the court presiding over the underlying tort action.");

8  Allstate Ins. Co. v. Harris, 445 F. Supp. 847, 849-51 (N.D. Cal.

9  1978) (declining to resolve a declaratory judgment action because

10 the insurance exclusion required finding whether a defendant

11 caused intentional injury, and would therefore "decide a disputed

12 question of fact that is at the heart of the underlying tort

13 action").

14        With regard to these factors, defendants contend that,

15 by retaining this declaratory judgment action, this court risks

16 invading the province of the state factfinder.  Additionally,

17 they argue that an adverse decision in this case might

18 collaterally estop Kimberly Sanders from defending herself

19 against liability in state court.  See McIntosh, 837 F. Supp. at

20 316 ("Federal courts should be reluctant to decide factual issues

21 which are currently at issue in state court.  Where a federal

22 court determines such a factual issue, the parties may be

23 collaterally estopped from litigating the issue further in the

24 underlying state action." (citations omitted)).

25        However, the legal questions identified by defendants

26 as matters that this court will need to decide here are either

27 matters that will not have a conclusive effect on the state court

28 litigation, or they are matters that this court will not actually

1  need to address.  Specifically, defendants contend that the

2  declaratory relief action will require the court to find whether

3  defendant Kimberly Sanders was acting as a flight instructor at

4  the time of the accident, whether she was charging defendant Sara

5  Catto for the use of the aircraft, and whether she was flying the

6  aircraft at the time of the accident.  They argue that these

7  issues will determine whether Kimberly Sanders was negligent and

8  if so, the appropriate apportionment of fault.  These concerns

9  are insufficient to justify abstention.

10        First, if this court decides whether Kimberly Sanders

11  was acting as a flight instructor, it will not be deciding the

12  ultimate issue of negligence will not need to be decided by this

13  court.  Whether Kimberly Sanders was acting as a qualified flight

14  instructor may have some effect on the ultimate determination of

15  negligence, and if so, on the apportionment of fault.  Yet, even

16  if the court here determines whether Kimberly Sanders was or was

17  not acting as a qualified flight instructor, the jury verdict in

18  the state court proceedings would by no means become a foregone

19  conclusion.  The jury would still have to determine what Kimberly

20  Sanders' duty of reasonable care was, given the role she occupied

21  at the time of the accident, and whether she breached that duty.

22  Moreover, defendants have not cited any caselaw to indicate that

23  determining that Kimberly Sanders was a flight instructor will

24  elevate her duty of care beyond that of an ordinary pilot.

25  Deciding facts the jury may take into account in determining the

26  issue of negligence would not decide facts "at the heart of the

27  underlying tort action", Allstate Ins. Co., 445 F. Supp. at 849.

28        Second, whether Kimberly Sanders charged others for use

7

of her rented aircraft, which <u>will</u> be essential in the litigation
before this court, is not an issue in the underlying state tort
action.  Defendants do not have any support or legal theory to
establish that Kimberly Sanders may be prejudiced by a
determination in this court that she was charging for the use of
the aircraft.

        Third, the court does not need to decide whether
Kimberly Sanders was actually flying the plane at the time of the
accident, because such a determination is irrelevant to the
coverage exclusions at issue.  The coverage exclusions apply to
any renter pilot, even if that pilot permits the plane to be
operated by another.  Because defendant Kimberly Sanders was the
pilot who rented the plane, it does not matter for the purposes
of this court's determination whether she was actually flying the
plane at the time of the accident.

        Moreover, it is undisputed that Kimberly Sanders was
the pilot in command.  Under the regulations promulgated by the
Federal Aviation Administration, "[t]he pilot in command of an
aircraft is directly responsible for, and is the final authority
as to, the operation of the aircraft."  14 C.F.R. § 91.3(a); <u>see
also</u> <u>Fagerquist v. W. Sun Aviation, Inc.</u>, 191 Cal. App. 3d 709,
721 (1987).  Where, as here, there was a passenger in the plane
(namely, Kimberly Sanders' five year old daughter), a student
pilot may not be the pilot in command.  14 C.F.R. 61.89(a)(1) ("A
student pilot may not act as pilot in command of an aircraft: (1)
That is carrying a passenger . . . .").  Even when a student is
operating the controls of an aircraft, the instructor is seated
at a set of controls and retains his or her status as pilot in

1  command.  See McGee v. Cessna Aircraft Co., 139 Cal. App. 3d 179,

2  182 n.2 (1983) (noting that because an aircraft has dual

3  controls, "[t]he instructor remains pilot in command even when

4  the student has physical control over the aircraft.").

5      Because it is not disputed that Sara Catto was a

6  student pilot, Kimberly Sanders was the renter pilot, and the

7  only other person in the plane was Kimberly Sanders' five year

8  old daughter, it is clear that Kimberly Sanders was the pilot in

9  command.  Therefore, whether or not Kimberly Sanders was flying

10 the plane at the time of the accident, is irrelevant for

11 determination whether the coverage exclusions will apply to her.

12     Consequently, factors one and three do not counsel in

13 favor of dismissal or a stay.  The litigation here will not

14 result in a needless determination of state law or interfere with

15 matters that should be decided in state court by the jury.

16     Of the factors remaining, only one factor favors

17 abstention.  Deciding this declaratory judgment action would not

18 settle the underlying tort claims.  Consequently, scarce judicial

19 resources might be wasted as "separate suits stemming from the

20 same overall controversy and involving overlapping issues . . .

21 proceed simultaneously on parallel tracks." McIntosh, 837 F.

22 Supp. at 317 (quoting Mitcheson v. Harris, 955 F.2d 235, 239 (4th

23 Cir. 1992).  Thus, this factor supports abstention.

24     The remaining factors, however, do not favor

25 abstention.  This suit does not appear to be the result of forum

26 shopping.  Although a court ordinarily should not exercise

27 jurisdiction when a federal declaratory judgment suit is

28

9

reactive,[3]  this suit is not necessarily reactive, because the
same issues are not involved in the state court and federal court
proceedings.  "A declaratory judgment as to coverage will
terminate and afford relief from the uncertainty that the
insurers face as to coverage." Cont'l Cas. Co. v. Coastal
Savings Bank, 977 F.2d 734, 738 (2d Cir. 1992) (citing Broadview
Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir. 1969)).
"The respective interests and obligations of insured and
insurers, when disputed, require determination much in advance of
judgment since they will designate the bearer of ultimate
liability in the underlying cases and hence the bearer of the
onus and risks of settlement . . . ." Id.

        Additionally, "[t]he availability of declaratory relief
in the state court, unsought by any party, does not . . .
preclude the exercise of jurisdiction to grant such relief in the
federal action." Id.  In fact, "[a]n insured and his insurer
have a mutual interest in speedy resolution of the insurer's duty
to supply him a defense against a tort claim that may fall
outside the coverage of the insurance policy." Zavalis, 52 F.3d
at 697 (citations omitted) (emphasis added).  Thus, the legal
relations of the parties would be clarified by this court's
retention of jurisdiction.

        This action for declaratory judgment has a purpose
other than serving as a procedural hurdle, and it is unlikely

---

        [3]    "A declaratory judgment action by an insurance company
against its insured during the pendency of a non-removable state
court action presenting the same issues of state law is an
archetype of what we have termed 'reactive' litigation." Cont'l
Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1372 (9th Cir. 1991),
overruled on other grounds by Dizol, 133 F.3d at 1223-24.

1  that the retention of jurisdiction would result in the

2  entanglement of the state and federal court systems.  Finally,

3  none of the parties appear to suffer undue inconvenience from

4  this litigation.

5  III. <u>Conclusion</u>

6        The court is mindful of the possibility that retaining

7  jurisdiction could, in certain cases involving an insurance

8  company seeking declaratory judgment based on coverage relating

9  to a state court action, cause defendants to suffer collateral

10 estoppel if the court invades the province of the jury and finds

11 facts determinative of the ultimate issue in an underlying state

12 action.  However, the specter of such a possibility has not truly

13 been raised here.  Moreover, the balance of the factors clearly

14 indicates that abstention would not be appropriate, with only one

15 factor weighing in favor of abstention, but the remainder

16 weighing against it.  Thus, pursuant to the <u>Brillhart</u> factor

17 analysis, the court exercises its discretion to retain

18 jurisdiction over this action for declaratory judgment.

19       IT IS THEREFORE ORDERED that plaintiff's motion to

20 dismiss or stay be, and the same hereby is, DENIED.

21 DATED:  June 2, 2006

22

23

24       WILLIAM B. SHUBB
         UNITED STATES DISTRICT JUDGE
25

26

27

28

                                11